## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUEL A. SALCEDO,** | : | **No. 3:04cv1494** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **TOM RIDGE, Secretary, Department** | : | |
| **of Homeland Security; JOHN ASHCROFT,** | : | |
| **United States Attorney General; MICHAEL** | : | |
| **J. GARCIA, Assistant Secretary for** | : | |
| **United States Immigration and Customs** | : | |
| **Enforcement; VICTOR X. CREDA, Acting** | : | |
| **Director of Office of Detention and Removal;** | : | |
| **UNITED STATES IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT'S FIELD** | : | |
| **OFFICE DIRECTOR FOR DETENTION** | : | |
| **AND REMOVAL FOR THE PHILADELPHIA** | : | |
| **DISTRICT; and THOMAS H. HOGAN,** | : | |
| **Warden York County Prison,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Presently before the Court for disposition is Petitioner Manuel A. Salcedo's

("Petitioner") motion for attorney's fees and costs pursuant to the Equal Access to Justice Act,

28 U.S.C. § 2412 ("EAJA"). This matter has been fully briefed and is ripe for disposition. For

the reasons that follow, we will deny the motion.

### I.      Background[1]

Petitioner is a native and citizen of the Dominican Republic, who entered the United

States as a legal immigrant at the age of four on or about February 2, 1966. He has been a legal

---

[1] These background facts are derived from the plaintiff's petition.

permanent resident since that time.  On January 12, 1988, after trial, Petitioner was convicted

of the offense of Conspiracy in the Second Degree, New York Penal Law § 105.15.  He was

sentenced to an indeterminate term of imprisonment with a minimum of two years and a

maximum of six.  Prior to trial, Petitioner was offered, and rejected, a three year prison term

in exchange for a plea of guilty to one charge of criminal possession of a controlled substance.

Ultimately, Petitioner served only two years and was released from physical custody in 1990.

On November 20, 2000, Petitioner received a "Notice to Appear"from the Immigration

and Naturalization Service ("INS"),[2] which charged that he was a deportable alien pursuant to

the Immigration and Naturalization Act ("INA") § 237(a)(2)(A)(iii) and (B)(I), 8 U.S.C.

1227(a)(2)(A)(iii), (B)(I), because of his prior criminal conviction.[3]  On April 6, 2001, an

immigration judge ordered Petitioner removed from the United States to the Dominican

Republic and denied Petitioner's application for cancellation of removal pursuant to former

INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996) ("section 212").  Under this section,

"deportable aliens who had accrued seven years of lawful permanent residence in the United

States could request discretionary relief from deportation by arguing that the equities weighed

in favor of their remaining in the United States."  Ponnapula v. Ashcroft, 373 F.3d 480, 482 (3d

---

[2] Since March 1, 2003, the INS has been part of the Department of Homeland Security, and its activities have been conducted by the Bureau of Immigration and Customs Enforcement.  For the purposes of clarity, throughout this opinion we will refer to the government agency involved in this case as the INS.

[3] INA § 237(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. 1227(a)(2)(A)(iii).  INA § 237(a)(2)(B)(I) provides that "[a]ny alien who has at any time after admission been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . is deportable." It is without question that these provisions proscribe Petitioner's conviction, and this is not at issue in the instant petition.

Cir. 2004).

Petitioner appealed this decision to the Board of Immigration Appeals ("BIA").  While his appeal was pending, the United State Supreme Court held for the first time in INS v. St. Cyr, 533 U.S. 289, 326 (2001) on June 21, 2001, that individuals who pleaded guilty prior to the repeal of section 212, but are ordered removed following the repeal, are entitled to section 212 relief if it would have been available at the time they entered into the guilty plea.

In its memorandum in opposition to the appeal, filed on November 21, 2001, the INS did not refer to the recent St. Cyr decision and instead adopted the decision and order of the Immigration judge in support of its opposition.  (Pet. Ex. 4).  In denying the appeal on July 10, 2002, the BIA distinguished St. Cyr, stating:

> This alien is not aided by the Supreme Court's St. Cyr ruling.  The record reflects that the respondent is not eligible for section 212(c) relief because the alien did not enter into a plea agreement, but rather was tried and found guilty of the crime which provides the basis for these proceedings.

(Resp. Ex. D).

The INS also adopted this narrow interpretation of St. Cyr.  (Resp. Br. at 6).  On June 28, 2004, the United States Court of Appeals for the Third Circuit rejected this interpretation in Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir. 2004) and held that the repeal of section 212(c) is impermissibly retroactive whether or not the alien pleaded guilty or chose to proceed to trial.

On July 9, 2004, Petitioner filed this petition for writ of habeas corpus based on the Ponnapula decision.  He argued that under Ponnapula he was entitled to a section 212(c)

hearing as well as immediate release from custody pending this hearing.  The INS conceded that he was entitled to a section 212(c) hearing and even filed a motion to reopen the case with the BIA.  (Resp. Ex. E).  The INS argued, however, that Petitioner was not entitled to immediate release pending this hearing, and instead was subject to mandatory detention.  (Doc. 6. Gov't Resp. to Pet. for Habeas Corpus, at 5).

On September 27, 2004, we remanded petitioner's case to the BIA to hold a section 212(c) hearing and denied Petitioner's request for immediate release.  We rejected the INS's assertion that Petitioner was subject to mandatory detention, but found that his release was subject to a bond determination hearing, and therefore did not order his immediate release and instead remanded the case to the Immigration Judge to hold such a hearing.

## II.    Discussion

Petitioner argues that he is entitled to attorney's fees pursuant to the EAJA based on two separate INS positions.  First, he argues that the INS's narrow interpretation of <u>St. Cyr</u> and consequent refusal to concur that he was entitled to relief based on that case was not substantially justified.  Second, he argues that the INS' failure to file a motion to reopen his case within the two weeks following <u>Ponnapula</u> was not substantially justified.  We disagree on both counts.

### A.    EAJA Standard

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial

4

review of agency action, brought by or against the United States in
any court having jurisdiction of that action, unless the court finds that
the position of the United States was substantially justified or that
special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government bears the burden to establish first that the agency action giving rise to

the litigation was substantially justified, and second that its litigation positions were

substantially justified.  Kiareldeen v. Ashcroft, 273 F.3d 542, 545 (3d Cir. 2001).   To be

substantially justified the government need not be correct, but instead must demonstrate "(1) a

reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it

propounded; and (3) a reasonable connection between the facts alleged and the legal theory

advanced."  Id. at 554 (quoting Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)).  The

question of substantial justification is entirely distinct for the question of whether the

government was correct on the merits.  Id.  Thus, when analyzing the government's legal

positions, "[t]he relevant legal question is 'not what the law now is, but what the Government

was substantially justified in believing it to have been.'"  Id. (quoting Pierce v. Underwood, 487

U.S. 552, 561 (1988)).

**B.       St. Cyr Interpretation**

We find that the INS was substantially justified in believing that the St. Cyr holding was

limited to aliens who pleaded guilty and did not apply to those who chose to go to trial.  In St.

Cyr the Court stated "We . . . hold that § 212(c) relief remains available for aliens, like

5

respondent, whose convictions were obtained through plea agreements and who,

notwithstanding those convictions, would have been eligible for § 212 relief at the time of

their plea under the law then in effect." St. Cyr, 553 U.S. at 326.  The INS construed the

holding as limited to those who pleaded guilty, and thus the Petitioner's case was

distinguishable because he was convicted following a trial.

Based on the language of St. Cyr, this interpretation is substantially justified.  In

announcing the holding, the Court specifically limited the application to those "aliens, like

respondent, whose convictions were obtained through plea agreements."  Id.  It would be

reasonable for the INS to believe that if the Court intended the holding to apply to convicted

aliens regardless of whether the conviction was obtained following trial or a plea agreement, it

would have omitted the useless reference to plea agreements from its holding.  Additionally,

the reasoning in St. Cyr specifically relied on the petitioner's guilty plea as a basis for finding

that the repeal of section 212(c) was not retroactive.  Id. at 321-24.

> IRIRA's elimination of any possibility of § 212(c) relief for people who
> entered into plea agreements with the expectation that they would be
> eligible for such relief clearly "'attaches a new disability, in respect to
> transactions or considerations already past.'"  Plea agreements involve a
> quid pro quo between a criminal defendant and the government. In
> exchange for some perceived benefit, defendants waive several of their
> constitutional rights (including the right to a trial) and grant the
> government numerous "tangible benefits, such as promptly imposed
> punishment without the expenditure of prosecutorial resources." There
> can be little doubt that, as a general matter, alien defendants considering
> whether to enter into a plea agreement are acutely aware of the
> immigration consequences of their convictions.

Id. at 321-22 (citations within quotation omitted).

6

Numerous courts seized upon this language to limit the St. Cyr holding to the guilty plea context.  See Dias v. INS, 311 F.3d 456 (1st Cir. 2002); Swaby v. Ashcroft, 357 F.3d 156, 161-62 (2d Cir. 2004); Chambers v. Reno, 307 F.3d 284, 290-91 (4th Cir. 2002); Armendariz-Montoya v. Saonchik, 291 F.3d 1116 (9th Cir. 2002); Brooks v. Ashcroft, 283 F.3d 1268 (11th Cir. 2002).  Ponnapula was the first circuit court case to extend St. Cyr beyond the guilty plea context and even recognized that the decision was inconsistent with the other courts. Ponnapula, 373 F.3d at 488-89.  Therefore, we find that the INS's interpretation of St. Cyr was substantially justified based on the plain language of St. Cyr and the numerous circuit courts that adopted the same or similar interpretation.

### C.        Response to Ponnapula

Petitioner additionally argues that the INS' actions following the Ponnapula decision are not substantially justified because it did not file a motion to reopen his case until after Petitioner filed the petition for a writ of habeas corpus.  We disagree.

Following Ponnapula, the INS agreed that Plaintiff was entitled to section 212(c) relief. (Doc. 6, Gov't Resp. to Pet. for Writ of Habeas Corpus, at 3).  It even filed a motion to reopen his case.  (Resp. Ex. E).  Petitioner speculates that the INS took this position solely because he filed a petition for a writ of habeas corpus.  We find this speculation unsupported by the facts, and in any event, irrelevant.  Petitioner has presented no evidence that prior to his habeas petition the INS refused to concede that Ponnapula required that he be granted a section 212(c) hearing.  The only evidence regarding the INS' response to Ponnapula is that it agreed with Petitioner.

We also find that the INS' failure to reopen Petitioner's case based on <u>Ponnapula</u> before he filed for habeas relief was substantially justified.   Petitioner filed his petition thirteen days, and only eight business days, after the <u>Ponnapula</u> decision was rendered. At that time, <u>Ponnapula</u> could potentially have been appealed to the Supreme Court and overturned.  <u>See</u> SUP. CT. R. 13(1) (providing a ninety day period for applying for a writ of certiorari).  <u>Ponnapula</u> was also subject to a petition for rehearing.  <u>See</u> FED. R. APP. PROC. 40 (providing that in civil cases where the United States or its officer is a party, a party may seek rehearing within 45 days of the entry of judgment).  Even had these two time periods expired, the INS was substantially justified in failing to act during the thirteen day period because Petitioner has provided no evidence that he attempted to contact the INS to file a joint motion to reopen or that he took any other action to prompt agency action.  Thus, Petitioner made no attempt during this period to obtain section 212(c) relief, and the INS accordingly did not respond.

Therefore, we find the INS' response to <u>Ponnapula</u> was substantially justified.  At no time after <u>Ponnapula</u> did the INS attempt to distinguish that case or argue that Petitioner was not entitled to section 212(c) relief.  In fact, it specifically agreed that Petitioner was entitled to a section 212(c) hearing, and even filed a motion to reopen his removal proceedings.

### IV.  Conclusion

Accordingly, we find that the INS' positions following <u>St. Cyr</u> and <u>Ponnapula</u> were substantially justified and Petitioner is not entitled to fees and costs under the EAJA.  An appropriate order follows.

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUEL A. SALCEDO,** | : | No. 3:04cv1494 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **TOM RIDGE, Secretary, Department** | : | |
| **of Homeland Security; JOHN ASHCROFT,** | : | |
| **United States Attorney General; MICHAEL** | : | |
| **J. GARCIA, Assistant Secretary for** | : | |
| **United States Immigration and Customs** | : | |
| **Enforcement; VICTOR X. CREDA, Acting** | : | |
| **Director of Office of Detention and Removal;** | : | |
| **UNITED STATES IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT'S FIELD** | : | |
| **OFFICE DIRECTOR FOR DETENTION** | : | |
| **AND REMOVAL FOR THE PHILADELPHIA** | : | |
| **DISTRIC; and THOMAS H. HOGAN,** | : | |
| **Warden York County Prison,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 11th day of July 2005, Petitioner's motion for costs and

attorney's fees pursuant to the EAJA (Doc. 8) is hereby **DENIED**.


BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**